**CORRECTED OPINION**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: Pavilion Properties Limited
Partnership,
                                    *Debtor.*

---

Pavilion Properties Limited
Partnership,
                    *Plaintiff-Appellant,*

v.                                            No. 99-1871

Beal Bank, S.S.B.,
                    *Defendant-Appellee.*


In Re: Pavilion Properties Limited
Partnership,
                                    *Debtor.*

---

Pavilion Properties Limited
Partnership,
                    *Plaintiff-Appellant,*

v.                                            No. 99-1872

Beal Bank, S.S.B.,
                    *Defendant-Appellee.*

In Re: PAVILION PROPERTIES LIMITED
PARTNERSHIP,

*Debtor.*

PAVILION PROPERTIES LIMITED
PARTNERSHIP,

*Plaintiff-Appellee,*

v.

BEAL BANK, S.S.B.,

*Defendant-Appellant.*

No. 99-1947

In Re: PAVILION PROPERTIES LIMITED
PARTNERSHIP,

*Debtor.*

PAVILION PROPERTIES LIMITED
PARTNERSHIP,

*Plaintiff-Appellee,*

v.

BEAL BANK, S.S.B.,

*Defendant-Appellant.*

No. 99-1948

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-98-3144-3-19, BK-97-2186-B, AP-97-80241-B,
AP-97-80242-B)

Argued: October 30, 2000

Decided: November 21, 2000

Corrected Opinion Filed: January 12, 2001

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion. Judge Widener wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Stephen Jahue Moore, KIRKLAND, WILSON, MOORE, ALLEN, TAYLOR & O'DAY, P.A., West Columbia, South Carolina, for Appellant. John Goode McJunkin, JENKENS & GILCHRIST, P.C., Washington, D.C., for Appellee. **ON BRIEF:** Frederick A. Gertz, GERTZ & MOORE, Columbia, South Carolina, for Appellant. Charles R. Gibbs, AKIN, GUMP, STRAUSS, HAUER & FELD, Dallas, Texas; James W. Sheedy, SPENCER & SPENCER, Rock Hill, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this case involving the interpretation of a mortgage provision, a mortgagor appeals a district court's order granting the mortgagee rights to an arbitration award. We affirm in part and vacate and remand in part.

### I.

Pavilion Properties Limited Partnership was formed for the purpose of developing four, mid-rise apartment buildings and an office build-

ing, in Columbia, South Carolina. To assist in financing the construction of the complex, Pavilion secured a mortgage loan from the Department of Housing and Urban Development ("HUD"), and signed an accompanying note. Paragraph 9 of the mortgage provides in relevant part that the mortgagor covenants and agrees with the mortgagee:

> That all awards of damages in connection with any condemnation for public use of or injury to any of said property, shall be paid to the mortgagee to be applied to the amount due under the Note secured hereby in (1) amounts equal to the next maturing installment or installments of principal and (2) with any balance to be credited to the next payment due under the Note. . . .

Through an assignment of the mortgage from HUD to Beal Bank, S.S.B. on December 30, 1996, Beal Bank became the mortgagee.

During and after construction of the Pavilion complex, various construction defects came to Pavilion's attention. Pavilion expressed its dissatisfaction to the contractor, regarding defects in the roof, the exterior insulation and finish system, and the apartment balconies. At various times, the contractor attempted to repair the construction defects but failed to do so adequately.

Pavilion filed a lawsuit in state court against the contractor, but because of the complexity of the litigation, the parties consented to arbitration. In arbitration, Pavilion claimed a sum of $6,987,218 in damages. This total claim was comprised of various subclaims, including approximately $1.6 million for damage to the exterior insulation and finish system, approximately $2.4 million for damage to the balconies, approximately $198,000 for prior lost rentals due to water leakage, and approximately $850,000 for future lost rentals in the course of future repairs. Pavilion prevailed in the arbitration and obtained a net arbitration award of $2,486,997.62; the award was not itemized to indicate how much was attributable to each kind of damage claimed by Pavilion.

On April 14, 1997, Pavilion filed for Chapter 11 bankruptcy. During bankruptcy proceedings, Beal Bank asserted entitlement to the

proceeds of the arbitration award and moved for summary judgment, arguing that the phrase "injury to property" in paragraph 9 of the mortgage covered the arbitration award. The bankruptcy court rejected Beal Bank's argument. The court reasoned that Pavilion's claim "was against the contractor for breach of contract, and the Arbitration Award was for breach of contract, not for injury to property" and, therefore, paragraph 9 did not entitle Beal Bank to the proceeds of the arbitration award.

Beal Bank appealed the bankruptcy court's decision to the district court. That court rejected the bankruptcy court's interpretation of paragraph 9 of the mortgage. The district court held that "the whole damage award is in connection with the injury to the property" under paragraph 9. Pavilion appeals the district court's judgment.

At oral argument before this court, *both* Pavilion and Beal Bank repeatedly stated in response to questions from the court that if granted rights to the proceeds of the arbitration award, they would reinvest those proceeds in the Pavilion Properties complex. Beal Bank did qualify this statement in one respect — it would reinvest the arbitration award proceeds in rehabilitation of the Pavilion complex provided the bankruptcy court adopted its proposed plan. However, Beal Bank represented to us that as soon as the bankruptcy court did this, it would promptly apply the proceeds from the arbitration award to rehabilitation of the complex.

## II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result as to the interpretation of the mortgage agreement. We therefore affirm the district court's judgment entered on July 15, 1999, directing that the proceeds of the arbitration award be paid to Beal Bank.

However, we vacate both the district court's judgment entered on May 28, 1999, concerning the valuation of Beal Bank's secured claim, and the bankruptcy court's order entered on September 15, 1998, valuing Beal Bank's secured claim at $6,340,000. This is necessary because the bankruptcy court's valuation of Beal Bank's secured

claim is based on two incorrect premises. First, the bankruptcy court held that the proceeds of the arbitration award are the property of the bankruptcy estate, i.e., the proceeds belong to Pavilion, not Beal Bank. Second, when the bankruptcy court valued Beal Bank's secured claim at $6,340,000, it assumed that the debtor, Pavilion, would spend $5,700,000 on repair of the construction defects and that the proceeds of the arbitration award were, as part of the debtor's (Pavilion's) estate, subject to the bankruptcy court's order limiting their use "to the correction of construction defects." Because we have now held that the proceeds of the arbitration award are the property of Beal Bank, not Pavilion, these bases for the bankruptcy court's valuation are no longer viable. Accordingly, Beal Bank's secured claim must be revalued in a manner consistent with this opinion, and with the reorganization plan ultimately chosen by the bankruptcy court. We, of course, expect Beal Bank to honor its commitment to apply the proceeds from the arbitration award to the revitalization of the Pavilion complex, if the bankruptcy court accepts Beal Bank's proposed reorganization plan. In light of our ruling, we find it unnecessary to consider Beal Bank's cross claim.

*AFFIRMED IN PART AND*
*VACATED AND REMANDED IN PART*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

I would affirm the decision of the bankruptcy court on its opinion.

The decision of the bankruptcy court appealed from provides in part that:

> The Fund [arbitration proceeds] is property of the estate subject to further order of this court limiting its use to the correction of construction defects.

By providing in its order that the money is property of the bankruptcy estate, the bankruptcy court has assured its application, a condition not obtaining under the majority decision.

This is not to suggest that the bankruptcy court was in error in deciding that the bank had no interest in the money. In my opinion, the bankruptcy court was also correct in that aspect of the case.